THE PEOPLE, *ex rel.* Post, supervisor of the town of Seneca, *vs.* THE BOARD OF SUPERVISORS OF THE COUNTY OF ONTARIO.

By the act " to reduce town and county expenses," &c. (*Stat.* 1845, *p.* 188, § 26,) the fees of magistrates and other officers, in proceedings for offences below the grade of felonies, are a charge upon the town where the offence was committed, though the accused was imprisoned, or gave bail with a view to a trial in the oyer and terminer, or general sessions, unless a trial in one of these courts actually takes place.

If a trial is had in either of these courts, then all such fees are a county charge, though the proceedings were commenced before a magistrate.

The words " criminal proceedings," in the *twenty-sixth* section of that act, embrace proceedings against beggars and vagrants; to prevent the commission of crimes; against disorderly persons; and search warrants and proceedings thereon. In these cases the fees of the officers concerned in the proceedings are a charge against the town.

In all cases where the expenses of the proceedings are a charge upon the town, the fines which may be imposed and collected belong to the town.

*E. Fitch Smith & J. C. Spencer*, on behalf of the town of Seneca, moved for a mandamus to the board of supervisors of the county of Ontario, to correct its proceedings in relation to certain expenses which had been charged upon the town of Seneca. The case is sufficiently stated in the opinion of the court.

*N. Hill, Jr.* for the board of supervisors.

*By the Court*, BRONSON, Ch. J. The board of supervisors of the county of Ontario, at its late meeting, assessed and charged upon the town of Seneca several sums of money for the fees and accounts of magistrates and other officers in criminal cases, which it is insisted were not proper town charges; and a motion is now made on behalf of the town for a mandamus to the board of supervisors to correct its proceedings.

The whole controversy arises upon the 26th section of the act of 1845 to reduce town and county expenses. (*Stat. of* 1845, *p.* 188.) We have considered the several questions which

the case presents, and arrived at the conclusions which will be briefly stated ; but without having found time to write out the reasons for our judgment.

I. The "fees and accounts of magistrates and other officers for criminal proceedings" of every kind, are a charge upon the town where the offence was committed, except in the following cases :

1. Where the proceedings are not had within the county in which the offence was committed.

2. Where the proceedings are for felonies : and

3. "Where the proceedings or trial for the offence shall be had before any court of oyer and terminer, or general sessions of the peace."

The last exception includes all cases where the proceedings against the offender are commenced in the oyer and terminer or general sessions ; and all cases where a trial for the offence is had in either of those courts, wherever the proceedings may have been commenced.

When the offence is below the degree of felony, and the proceedings are commenced before a magistrate, and the offender is either committed for trial, or gives bail to appear and take his trial in the oyer and terminer or general sessions, the case is not within the third exception, unless there is afterwards a trial of the offender in one of those courts.   But if there be such a trial, the case then comes within the exception.

II. The words "criminal proceedings," as used in the 26th section of this statute, include, among other things, each and all of the following cases :

1. Proceedings against beggars and vagrants.   (1 *R. S.* 632, *tit. II.*)

2. Proceedings to prevent the commission of crimes.   (2 *R. S.* 703, *tit. I.*)

3. Proceedings against disorderly persons.   (1 *R. S.* 638, *tit. V.*)

4. Search warrants, and proceedings thereon.   (2 *R. S.* 746, § 25 *to* 28.)

III. In all cases where the expenses of the proceedings are a

charge upon the town, the fines which may be imposed and collected belong to the town.

As the board did not in all respects act in accordance with the results at which we have arrived, a mandamus is ordered.

Motion granted.