The People ex rel. William H. Van Tassel, Appellant, *v.* The Board of Supervisors of Columbia County, Respondent.

The provision of the "act to reduce the number of town officers," etc. (§ 26, chap. 180, Law of 1845, as amended by § 13, chap, 455, Laws of 1847), providing for the payment of the fees of magistrates and other officers for certain criminal proceedings by the towns or cities where the offence was committed, does not embrace the fees of a sheriff as jailer or otherwise. It was intended only to apply to the fees of local officers in preliminary criminal proceedings in cases under the grade of felony; not to affect the liability of a county for services of county officers after commitment, either for trial or upon sentence.

The accounts of a sheriff for receiving prisoners into and discharging them from jail, and for their board while confined therein, are properly county charges. (Tit. 1, art. 1, § 8, chap. 460, Laws of 1847; 1 R. S., 385, § 3.)

The liability of a county extends not only to such official services in cases strictly criminal, but includes also *quasi* criminal offences, such as violations of city ordinances, the only distinction being that, in the latter cases, instead of the statutory fee, the board of supervisors have power to fix the compensation.

Accordingly *held*, that the granting of a writ of *mandamus* was proper to compel a board of supervisors to audit the accounts of the county sheriff, as jailer, for receiving, discharging and boarding prisoners committed by the officers of a city for misdemeanors and violations of city ordinances.

*People ex rel.* v. *Board of Supervisors* (8 Hun, 275) reversed.

(Argued November 14, 1876; decided November 21, 1876.)

Appeal from order of the General Term of the Supreme Court in the third judicial department reversing an order of Special Term granting a writ of peremptory *mandamus* requir-

ing defendant to convene and allow the account of relator, as sheriff and jailer of the county of Columbia, for receiving, discharging and boarding certain prisoners. (Reported below 8 Hun, 275.)

The facts are sufficiently set forth in the opinion.

*C. P. Collier* for the appellant. The charges of relator were proper and legal charges against the county. (3 R. S. [Banks' 5th ed.], 1050, 1051, § 22 [m. p.] 752, 1062; Crocker on Sheriffs, 418, 419; 2 R. S. [Edm. ed.], 780; *People ex rel. Hall* v. *Suprs. of N. Y.*, 32 N. Y., 473; 1 R. S. [Banks' 6th ed.], 927.)

*R. E. Andrews* for the respondent. No item of the relator's claim could be a county charge unless by provision of the statute. . (*People ex rel. Kelly* v. *Haws*, 21 How. Pr., 122; *People ex rel. Hadley* v. *Suprs. of Albany*, 28 id., 22; *People* v. *Lawrence*, 6 Hill, 244.) Commitments, discharges or board are not a county charge in any case except misdemeanors and felonies. (1 R. S., 385, § 3; 2 id., 703, 726, 749, 753; Laws 1847, chap. 495, § 13.)

Church, Ch. J. This was an application for a *mandamus* to compel the board of supervisors of Columbia county to provide for the payment of the relator's account as sheriff and jailer of the county. The contest relates to the sum of $2,548.75, which is made up of items for receiving into and discharging from the jail 523 prisoners, and for the board of the same. The offences were for misdemeanors and violation of city ordinances, and all the commitments were by officers of the city of Hudson, and the offences were committed in that city. The board of supervisors decided that this account was a town and not a county charge, and hence that it must be audited and paid by the city of Hudson under the provisions of the charter. The Special Term granted the *mandamus*, and from the order an appeal was taken to the General Term, which latter court reversed the order, holding that the board

332     People ex rel. Van Tassel *v.* Supervisors.     [Nov.,

Opinion of the Court, per Church, Ch. J.

was justified in rejecting the claim.   There is no question as to the correctness of the account.   The only question is, whether the account is a county or town charge, and this depends upon the construction to be given to the statute of 1845, chapter 180, as amended in 1847, chapter 495, section 3, which is as follows:

" All fees and accounts of magistrates, and other officers for criminal proceedings, including cases of vagrancy, shall be paid by the several towns or cities wherein the offence shall have been committed, and all accounts rendered for such proceedings shall state where such offence was committed, and the board of supervisors shall assess such fees and accounts upon the several towns or cities designated by such accounts; but when any person shall be bound over to the Oyer and Terminer, or Court of Sessions, or committed to jail to await a trial in either of said courts, the costs of the proceedings had before the single magistrate shall be chargeable upon the towns or cities as aforesaid, *and the costs of the proceedings had after the person shall have been so bound over or committed shall be chargeable to the county;* but nothing herein contained shall apply to cases of felonies, nor where the proceedings or trial for the offence shall be had before any Court of Oyer and Terminer or Court of Sessions of the county, and the fines imposed and collected in any such cases shall be credited to said towns or cities respectively."

I have examined the opinions of the General and Special Term, and the elaborate briefs of the respective counsel, and have arrived at the conclusion that this act does not embrace the fees of the sheriff as jailer or otherwise, and that the account presented is a county charge.

The Revised Statutes require the keepers of county prisons to receive and safely keep any person duly committed to their custody for safe-keeping, examination or trial, or duly sentenced for imprisonment in such prison upon conviction for any contempt or misconduct, or for any criminal offence; and it provides that prisoners detained for trial, and those under sentence, shall be provided with food *at the expense of the*

*county*.  (2 R. S., 780 [Edm. ed.].)   The statute also declares what shall be county charges.

First. The compensation of sheriffs for commitments and discharges of prisoners in criminal process, within their respective counties.

Second. Expenses necessarily incurred in the support of persons charged with or convicted of crimes and committed therefor to the several jails of the counties.

Third. Moneys expended by any county officer in executing the duties of his office.   (1 R. S. [Edm. ed.], 358.)

By these provisions the account of the relator was properly chargeable to the county.   We think that the language of the act of 1847, above quoted, "all fees and accounts of magistrates, and other officers, for criminal proceedings," does not include the fees of the sheriff as jailer of the county.   The legislature intended that the fees of magistrates and other local officers, for costs in preliminary criminal proceedings, in cases under the grade of felony, should be a town charge; but there is nothing in the act evincing a design to change the liability of the county for services of county officers after commitment, either for trial or upon sentence.   The act itself excepts costs of proceedings after the prisoner is bound over for trial, thus confirming the view that the legislature intended to restrict its operation to the preliminary proceedings before the local magistrate, and the execution of a sentence by imprisonment cannot be regarded a criminal proceeding, within the meaning of the act, and it is quite clear that the fees and accounts of the magistrate and other like officers do not include the fees of the sheriff in receiving, discharging and boarding prisoners under sentence in the county jail.

It is urged that some of the items were not for strictly criminal offences, but they were all for criminal offences proper or *quasi* criminal offences, such as violations of city ordinances and the like, and as to the latter the only consequence would be that instead of the statutory fee for the services rendered, the board of supervisors would have power to fix the compensation for the service which the sheriff was

obliged to perform.   It is about thirty years since the passage of the act, which, it is claimed, changes this account to a town charge, and it is believed that the practice has generally been in accordance with the views herein expressed.

The rule should be uniform throughout the State, and if the change claimed is desirable, the remedy is with the legislature.

The order of the General Term must be reversed and that of the Special Term affirmed.

All concur.

Ordered accordingly.