THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. McGRATH, Respondent, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF WESTCHESTER, Appellant.

*Fees of a constable for the transportation of prisoners convicted of misdemeanors — are a town or city, not a county, charge.*

The fees to which a constable is entitled for conveying prisoners, convicted of a misdemeanor committed in the city of Yonkers, at a Court of Special Sessions held therein, from the city of Yonkers to the Albany penitentiary, are a city charge.

*The People ex rel. Post v. The Supervisors of Ontario* (4 Denio, 260) followed; *The People ex rel. Bancroft v. The Supervisors of Orange* (18 Hun, 19) not followed; *The People ex rel. Van Tassel v. The Supervisors* (67 N. Y., 330) distinguished.

APPEAL by the Board of Supervisors of the County of Westchester from an order made at the Dutchess County Special Term, and entered in the office of the clerk of the county of Westchester on the 11th day of March, 1889, granting a peremptory *mandamus*, on the application of the relator, an assignee of John T. McGrath, the constable of the city and town of Yonkers, against the Board of Supervisors of the County of Westchester, requiring said board

to forthwith meet and examine whether to allow three certain bills presented by the relator, as assignee of John T. McGrath, for conveying prisoners, convicted at Courts of Special Sessions in the city of Yonkers, to the Albany penitentiury.

*Odle Close*, for the appellant.

*Joseph F. Daly*, for the respondent.

DYKMAN, J. :

The relator held a bill for constable fees for conveying prisoners from Yonkers to the Albany penitentiary under a conventional arrangement between that institution and the Board of Supervisors of Westchester County. All persons so transported were convicted by a Court of Special Sessions in Yonkers of misdemeanors perpetrated within the boundaries of that city.

At the annual meeting of the board of supervisors the bill of the relator was presented for audit and allowance, as a county charge, and was rejected by that body. Thereupon an application was made to the Special Term of the Supreme Court for a peremptory writ of *mandamus*, which should require the board to audit and allow the bill, and an order was made for the issuance of such writ. The respondent appealed from the order, and so the case comes to us to determine whether the bill in question is a town or county charge, and a satisfactory solution of the question will involve the examination of the statutory provision relating to the subject.

Under the Revised Statutes, the compensation allowed by law to constables for services and expenses in conveying criminals to jail, which are the only services involved in this examination, were county charges (1 R. S., 385, § 3) ; and that provision of the statute remained unrepealed and undisturbed until the enactment of chapter 180 of the Laws of 1845 ; and section 26 of that act, which pertains to the question before us, was amended by chapter 455 of the Laws of 1847, so as to read as follows : " All fees and accounts of magistrates and other officers for criminal proceedings, including cases of vagrancy, shall be paid by the several towns or cities wherein the offense shall have been committed, and all accounts rendered for such proceedings shall state where such offense was committed, and the board of supervisors shall assess such fees and accounts upon the several towns or cities designated by such accounts; but when any

person shall be bound over to the Oyer and Terminer, or Court of Sessions, or committed to jail to await a trial in either of said courts, the costs of the proceedings had before the single magistrate shall be chargeable upon the towns or cities as aforesaid, and the costs of the proceedings had after the person shall have been so bound over or committed shall be chargeable to the county, but nothing herein contained shall apply to cases of felonies; nor where the proceedings or trial for the offense shall be had before any court of Oyer and Terminer or Court of Sessions of the county, and the fines imposed and collected in any such cases shall be credited to such towns or cities respectively.  And whenever any criminal warrant or process shall be issued by any magistrate residing out of the town or city wherein the offense shall have been committed, it shall authorize the officer executing the same to carry the person charged with an offense under this act before any magistrate resident and being in the town or city wherein such offense shall have been committed, to be proceeded against according to the provisions of the fifteenth section of this act; but the magistrate issuing such warrant or process shall not lose any jurisdiction over the trial and proceeding against any such persons by reason of anything herein contained, nor shall such magistrate be allowed any compensation for any further proceedings in any such case beyond issuing such warrant or process."

By the twenty-fifth section of this law of 1847 all laws incon sistent with any provisions of that act were thereby repealed.

By chapter 324 of the Laws of 1875 a previous statute, relating to fees in civil and criminal cases, was amended so as to read as follows:

" Constables shall hereafter be allowed the fees hereinafter stated for the following services in criminal cases: For serving a warrant, seventy-five cents; for every mile traveled, going and returning, ten cents; for taking a defendant into custody on a mittimus, twenty-five cents; for every mile traveled in taking a prisoner to jail, going and returning, ten cents; for serving subpœna, twenty-five cents; for every mile traveled in serving subpœna, going and returning, five cents; for notifying a complainant, twenty-five cents; for every mile traveled in notifying a complainant, five cents, going and returning; for taking charge of a jury, during their deliberations, fifty cents."

Under the statute of 1847, as we have seen, all the fees enumerated and prescribed, down to this point, are town charges, and that conclusion is rendered irresistible by the remaining portion of the same statute, which is as follows :

" For attending any court, pursuant to a notice from the sheriff for that purpose, two dollars for each day, and five cents a mile for each mile traveled in going to and returning from such court, which fees shall be chargeable to the county, and shall be paid by the treasurer thereof on the production of the certificate of the clerk, specifying the number of days and distance traveled."

If all the fees of constables, prescribed in the fore part of this amended statute, were county charges, then a specific provision, making the fees for attending court a county charge, was a work of supererogation.

Chapter 108 of the Laws of 1876 amended certain previous statutes, and, by the second section, it was enacted as follows :

" It shall be the duty of the sheriffs, deputy sheriffs, constables or policemen, in and for the several counties of this State, to whom any warrant of commitment for that purpose may be directed by any court or magistrate in this act mentioned, to convey, forthwith, such person so sentenced to the penitentiary referred to in the second section of this act, and there deliver such person to the keeper of such penitentiary, whose duty it shall be to receive such persons so sentenced, during the continuance of said agreement, authorized by the first section of this act, to be there safely kept and employed, according to the rules and discipline of such penitentiary; and the officers thus conveying such convicts so sentenced shall be paid such fees and expenses therefor as the several boards of supervisors of the several counties of this State shall prescribe and allow."

So far as we can discover, we have now referred to all the statutes relating to the subject under examination. The law of 1847 amended the law of 1845, as we have seen, and repealed the provisions of the Revised Statutes, which made constables' fees a county charge, because those statutes made all such fees a town charge, and were, therefore, inconsistent with the old statute. The primary provision in section 26 of chap. 180 of the Laws of 1845, and in the amendment of 1847, is precisely the same, in these words : "All

fees and accounts of magistrates and other officers for criminal proceedings * * * shall be paid by the several towns or cities wherein the offense shall have been committed." Thus the radical change intended to be wrought by the statute was effected in a few words, and the remaining portion of the section is devoted to exceptions and provisions to effectuate the purposes intended to be accomplished thereby, which was to impose the charges for criminal proceedings in local criminal tribunals upon the localities where the offense was perpetrated or the crime committed. For that purpose the statute requires all accounts rendered for such proceedings to state where such offense was committed, to the end that the boards of supervisors shall assess such fees and accounts upon the several towns or cities designated by such accounts. Then follows a discrimination, confirmatory of the design of the legislature to localize the criminal charges, as follows: " But when any person shall be bound over to the Oyer and Terminer or Court of Sessions, or committed to jail to await a trial in either of said courts, the costs of the proceeding had before the single magistrate shall be chargeable upon the towns or cities as aforesaid, and the costs of the proceedings had, after the person shall have been so bound over or committed, shall be chargeable to the county." After that follows an exception which renders the entire section inapplicable to the cases of felonies or proceedings or trials for the offense before any Court of Oyer and Terminer or Court of Sessions of the county. Then, still pursuing the same purpose, it is provided that whenever any criminal process shall be issued by a magistrate residing out of the town or city wherein the offense was committed, it shall authorize the officer executing the same to carry the accused person before any magistrate in the town or city wherein the offense was committed, to be proceeded against according to the provisions of section 15 of the Laws of 1845, which had relation entirely to the organization of Courts of Special Sessions. A non-resident magistrate issuing the process did not lose jurisdiction of the case, however, by reason of the last requirement, but he could not be allowed any compensation beyond the issuance of the process.

Thus the primary purpose and the design of the legislature to localize the expenses of criminal proceedings is easily traced through

all the provisions of this section of the statute of 1847. No intention of the legislature to repeal that statute, or interfere with any of its provisions in any way, can be discovered in any of the subsequent statutes. Under the last clause of section 2 of chapter 108 of the Laws of 1876, as we have seen, the officers conveying convicts to the penitentiary are to be paid such fees and expenses therefor as the several boards of supervisors of the several counties of this State shall prescribe and allow, but this statute is neither repugnant to nor inconsistent with the statute of 1847, and both may operate harmoniously, and be allowed full force and effect. The commitment and transportation of prisoners to the penitentiary direct in the first instance was permitted by the law of 1876, for the first time in the history of this State, and as no rate of fees or expenses was fixed by statute, the legislature delegated the power to prescribe such fees and expenses to the boards of supervisors of the several counties, and gave the officers such fees and expenses as such boards should dictate, without reference to the source from whence the officers should receive them. Repeals of statute by implication are disfavored by the law, and never allowed except in cases of repugnancies or inconsistencies, and these statutes, construed together, clothed the boards of supervisors with power to fix the fees and expenses to be allowed to executive officers for conveying prisoners to the penitentiary, and, when so fixed, the charges are to be paid by the town or city wherein the offense was committed.

As we have seen, the first part and primary provision of the twenty-sixth section of the law of 1845 (chap. 180), and the law is the same as the first part of the amended section in the law of 1847, and section 26 of the law of 1845 received a construction in the old Supreme Court, in the case of *People ex rel. Post* v. *Supervisors of Ontario* (4 Denio, 260); and Chief Justice BRONSON, in delivering the opinion of the court in that case, said: "The fees and accounts of magistrates and other officers for criminal proceedings of every kind are a charge upon the town where the offense was committed, except in the following cases: 1. Where the proceedings are not had within the county in which the offense was committed. 2. Where the proceedings are for felonies, and, 3. Where the proceedings or trial for the offense shall be had before any Court of Oyer and Terminer or General Sessions."

The case of the *People ex rel. Bancroft* v. *The Supervisors of Orange County* (18 Hun, 19) was decided under the provisions of the Revised Statutes, and no reference was made to any subsequent legislative enactments. The case was, therefore, not well considered, and cannot have any force as an authority here. The case of the *People ex rel. Van Tassel* v. *Supervisors* (67 N. Y., 330) bears no analogy and has no application to this case. That was the case of a sheriff's bill for receiving, boarding and discharging prisoners.

The only part of section 26 of chapter 180 of the Laws of 1845, as amended by chapter 455 of the Laws of 1847, which received any attention or consideration in that case was the portion which provided that the costs of the proceedings had after the person shall have been so bound over or committed shall be chargeable to the county. The bill in that case was held to be a county charge under the Revised Statutes, which require the jail keepers to receive and keep any person committed to their custody, and provide them with food at the expense of the county, and make the compensation of sheriffs for commitments and discharges of prisoners a county charge. (1 R. S., 385.)

Judge CHURCH, in his opinion in that case, says : "We think that the language of the act of 1847, above quoted, ' all fees and accounts of magistrates and other officers for criminal proceedings,' does not include the fees of the sheriff as jailer of the county. The legislature intended that the fees of magistrates and other local officers for costs in preliminary criminal proceedings, in cases under the grade of felony, should be a town charge."

This examination discloses no intention of the legislature to repeal or interfere with the statute of 1847, and under that law all fees and accounts of magistrates and other officers for criminal proceedings, down to the time of the delivery of the prisoner to the keeper of the jail or penitentiary, are charges against the town within which the offense with which they are charged was committed.

The order appealed from is, therefore, erroneous and should be reversed, with ten dollars costs and disbursements.

PRATT, J., concurred ; BARNARD P. J., not sitting.

Order reversed, with ten dollars costs and disbursements.