The People ex rel. William H. McGrath, Appellants, v. The Board of Supervisors of the County of Westchester, Respondent.

A constable or sheriff in executing a certificate of a judgment of conviction issued to him as prescribed by the Code of Criminal Procedure (§§ 721, 725) is engaged in a criminal proceding withing the meaning of the act, "to reduce the number of town officers and town and county expenses," etc. (Chap. 180, Laws of 1845, as amended by chap. 455, Laws of 1847), and the fees and expenses of the officer are included in the provisions of said act (§ 26, as amended), charging the expenses of certain criminal proceedings under the grade of felony upon the town or city where the offense was committed.

Accordingly, held, that the account of a constable for fees and expenses in conveying to a penitentiary prisoners convicted and sentenced in the Court of Special Sessions of his town were a town and not a county charge, and so that a refusal of the board of supervisors of the county to audit it as a county charge was proper.

People ex rel. v. Supervisors (67 N. Y. 330), distinguished.

Reported below, 53 Hun, 157.

(Argued January 13, 1890; decided January 21, 1890.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made June 28, 1889, which reversed an order of Special Term, granting a peremptory writ of mandamus, the substance of which and the material facts are set forth in the opinion.

1890.] PEOPLE ex rel. McGRATH v. SUPERVISORS. 127

Opinion of the Court, per FINCH, J.

*Joseph F. Daly* for appellant. Charges for services and expenses in conveying criminals to jail are county charges. (*People ex rel.* v. *Super.*, 18 Hun, 19; 1 R. S., chap. 12, p. 978, § 3.) The provision of the Revised Statutes cited has not been repealed either expressly or by implication. (2 R. S. 1078; Laws of 1847, chap. 455, § 25; *People ex rel.* v. *Super.*, 67 N. Y. 330; *Ross* v. *Super.*, 38 Hun, 20; *Mark* v. *State*, 97 N. Y. 572, 578; Laws of 1876, chap. 108, § 3.) If the General Term is correct in the decision of the case at bar, as far as the city of Yonkers is concerned, the Legislature has created the anomaly of saying that in Yonkers, if a member of the police force should convey a prisoner to the county jail, the charge for such conveyance should be a county charge; while, if a constable performs the same service, the charge shall be a town charge. (Laws of 1881, chap. 184, § 10.)

*William J. Robertson* for respondent. Under the Revised Statutes this claim would have been a county charge, but chapter 180, section 26 of the Laws of 1845, as amended by chapter 455 of the Laws of 1847, makes this claim a town charge against the town where the offense was committed, and to that extent modified and repealed the Revised Statutes in reference to such charges. (Laws of 1845, chap. 180, § 26; Laws of 1847, chap. 455; *People ex rel.* v. *Supervisors*, 4 Denio, 260.)

FINCH, J. The relator presented a claim to the board of supervisors of Westchester county for fees and expenses which accrued to him as a constable for the conveyance of prisoners to the Albany penitentiary who had been convicted and sentenced in the Court of Special Sessions in the city and town of Yonkers. The claim was disallowed and its audit refused upon the ground that it was a town and not a county charge. The relator thereupon applied for a peremptory *mandamus* requiring the audit of his claim by the county board, which was awarded; but on appeal to the General Term the action of the

supervisors was approved and the relator's claim adjudged to be a charge only against the town.

The Revised Statutes enumerated among county charges " the compensation allowed by law to constables for attending courts of record, and reasonable compensation to constables and other officers for executing process on persons charged with criminal offenses, for services and expenses in conveying criminals to jail." (2 R. S. [8th ed.] 1078.)   By this provision the fees of town and county officers in criminal cases were alike chargeable to the county, and irrespective of the grade of the offense, the court which exercised its jurisdiction, or the locality of the criminal act.   But in 1845, an act was passed (chap. 180) entitled " An act to reduce the number of town officers and town and county expenses, and to prevent abuses in auditing town and county accounts," which evidently was intended to make an equitable division of criminal expenses as between the towns and county, and for that purpose took into view the locality and grade of the crime.   By section 26 it was enacted that " all fees and accounts of magistrates and other officers for criminal proceedings shall be paid by the several towns or cities wherein the offense shall have been committed; and all accounts rendered for such proceedings shall state where such offense was committed, and the board of supervisors shall assess such fees and accounts upon the several towns or cities designated by such accounts."   So far the section distributed nothing, but charged all fees in criminal proceedings upon the town or city in which the offense was committed.   An exception, however, followed in these words: " But nothing herein contained shall apply to cases of felonies or where the proceedings or trial for the offense shall be had before any court of Oyer and Terminer or General Sessions of the Peace; and the fines imposed and collected in any such cases shall be credited to said towns or cities respectively." The effect and purpose of these provisions was obvious.   The fees in the criminal proceedings, which had been a county charge, were distributed between the county and the towns upon principles which were supposed to be equitable, and to

obviate an existing abuse. The expense in proceedings in felonies, and where the proceedings or trial were had before the Oyer and Terminer or General Sessions remained unchanged and continued to be a county charge, but the fees for all other proceedings of every kind became a charge upon the town or city in which the offense was committed. That was decided very soon after the passage of the act in *People ex rel.* v. *Supervisors of Ontario* (4 Denio, 260), and a *mandamus* issued in accordance with such construction. The minor offenses of which the local court of the town or city had jurisdiction, and which were committed in such town or city originated a charge against the locality, to balance which in some measure all the fines imposed were diverted to the town or city burdened with the expenses, while the graver offenses which were felonies or redressed in the Oyer and Terminer or General Sessions brought a charge upon the county.

The act of 1845 was amended in 1847. (Chap. 445.) That amendment struck out the words "provided the proceedings shall be had within the county in which such offense shall have been committed," and added a new provision further modifying the distribution of criminal expenses. That provision is that " when any person shall be bound over to the Oyer and Terminer or court of Sessions, or committed to jail to await a trial in either of said courts, the costs of the proceedings had before the single magistrate shall be chargeable upon the towns or cities as aforesaid, and the costs of the proceedings had after the person shall have been so bound over or committed shall be chargeable to the county." The purpose to make the expenses follow the jurisdiction and the locality of the offense is thus made very manifest. The proceedings in the local court and before the town magistrate are a burden upon the town until the case passes to the broader jurisdiction of the Oyer and Terminer or General Sessions ; and where it never does so pass but remains until the end in the Special Sessions the whole expense of the entire criminal proceeding is put upon the town.

The courts of Special Sessions of the peace had an origin

back of the Revised Statutes, but are not and never have been courts of record. (*People* v. *Kennedy*, 2 Park Cr. Rep. 319 ; Code of Civ. Pro. § 3.) They have jurisdiction to try many minor offenses, described as misdemeanors committed within the county (Code of Crim. Proc. § 56), and such other jurisdiction as is now provided by special statute or municipal ordinance authorized by statute. And so, in cities and villages a very large portion of the criminal business transacted before them consists in the enforcement of municipal ordinances, and the preservation of the local peace. It was not, therefore, an unjust or unreasonable discrimination which left the expenses of a trial and conviction in the Special Sessions wholly upon the town, as also the preliminary expenses in graver cases in which bail is given for the Oyer and Terminer and Sessions ; and the discrimination itself is clearly and effectively established.

But the appellant insists, and it is the entire scope of its learned counsel's argument, that taking a prisoner to jail is not a criminal proceeding within the meaning of this statute, and cites as authority the case of *People ex rel. Van Tassal* v. *Supervisors of Columbia Co.* (67 N. Y. 330). The controversy there arose over the bill of the sheriff for the board of prisoners confined in the jail, and what the court held was that the act did not embrace the fees of the sheriff as jailer, saying that " the execution of a sentence of imprisonment cannot be regarded a criminal proceeding within the meaning of the act." It is quite possible to say that a criminal proceeding ends when punishment begins ; and that keeping persons under sentence in jail and furnishing their food is not in any just sense a continuance of the criminal proceeding which ended when the imprisonment began ; but that is very far from justifying a ruling that the act of the constable who, upon receiving a certificate of the judgment of conviction with directions to execute it (Code Crim. Pro. §§ 721, 725), by force of that warrant conveys the prisoner to the jail or penitentiary and delivers him over for punishment is not engaged in a criminal proceeding. It is utterly impossible for us to say that. Indeed, the provision of the Revised Statutes upon

which the appellant relies as specifying what are county charges, after enumerating among them "for services and expenses in conveying criminals to jail" adds "and for *other* services in relation to criminal proceedings for which no specific compensation is prescribed by law." The act implies, what I think cannot be otherwise, that conveying a criminal to jail is one service in a criminal proceeding, of which there are also others. Certainly it would be very inconsistent to say that a constable who arrests a suspected person by force of a warrant directing such arrest renders a service in a criminal proceeding, while the same constable who executes another warrant requiring him to commit the same person to the jail or penitentiary is not acting in a criminal proceeding. That his fees in the latter case are to be fixed by the board of supervisors does not alter the character of the service or change the ultimate liability.

This construction of the statute was that adopted by the General Term, and seems to be inevitable. The order of the General Term should, therefore, be affirmed with costs.

All concur except EARL, J., absent.

Order affirmed.