### PEOPLE *ex rel.* COON *v.* WOOD, Supervisor, *et al.*

*(Supreme Court, General Term, Fifth Department. January 24, 1891.)*

TOWNS—LIABILITY FOR ATTORNEY'S FEES—EMPLOYMENT.

   In a proceeding to compel the board of auditors to audit relator's account against the town for services rendered, as a lawyer, in prosecuting certain criminal cases in the court of special sessions, it did not appear that relator was actually employed by the town board. A resolution had theretofore been adopted by the board of au-

ditors to compensate, at a certain rate, attorneys who should prosecute a criminal
action for the town, and attorney's fees, at such rate, had theretofore been audited.
Relator alleged that he rendered the services by virtue of said resolution, and by
authority of the justice of the special session. *Held,* that there was no such em-
ployment of relator as would entitle him to recover against the town to audit re-
lator's account for legal services.

Application by Willis H. Coon for *certiorari* to Myron Wood, supervisor,
Charles H. Beach, town clerk, Edward H. Kellogg, David D. Becker, Will-
iam B. Sayre, and Jesse Van Alstyne, justices of the peace, comprising the
board of town auditors of the town of Wolcott, Wayne county, in 1889, to
audit relator's account for legal services.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Willis H. Coon, in pro. per. Anson S. Wood,* for defendants.

CORLETT, J. Willis H. Coon, a lawyer of Wolcott, Wayne county, N. Y.,
prosecuted certain criminals before a court of special sessions of said town.
His statements as to the nature of the services appear in the case, and are
as follows:

"TOWN OF WOLCOTT, *To W. H. Coon, Dr.*             August, 1889.

To four days' trial in case, People vs. Fay Blauvelt, John Blau-
velt, and Seymour Blauvelt, at $5.00,      -      -      -    $20 00
To four days' trial in same cases, in which the trial lasted until
midnight, or after, at $7.00, -      -      -      -      -     28 00
                                                              ———
                                                             .$48 00

"*State of New York, Wayne County—ss.:* Willis H. Coon, being duly
sworn, says that the above is a just and true statement of his claim for serv-
ices against the town of Wolcott; that said services are reasonably worth the
sums charged therefor, and no part has been paid.              W. H. COON.

"Sworn to before me, Nov. 7, 1889.

"EDWIN J. CORNWELL, Notary Public.

"Indorsed: W. H. Coon, amount claimed, $48.00. Disallowed. Filed
Nov. 16, 1889.                       C. H. BEACH, Town-Clerk.

"*To the Honorable Town Board of Wolcott, N. Y.:* I hereby respectfully
submit my bill against the town of Wolcott. The services were rendered in
an action by the people against Fay Blauvelt, John Blauvelt, and Seymour
Blauvelt. The case of Fay Blauvelt was a very intricate one, involving some
very nice questions of law. The case was tried three times, on which the
jury disagreed, but on which trial I am credibly informed I secured all the
jury in favor of conviction, except one in the first trial, two in the second,
and two on the third. There was no doubt of the guilt of the defendant, and
all manner of means were used, during the trials, and between the trials, to
manufacture public sentiment against the interest of the people, which was
so far successful as to secure some on the jury to say, ' We will admit he is
guilty, but we will not find him so.' The facts on the case justified a con-
viction, but it was impossible to do so on account of the effort, as aforesaid.
The other defendants, John Blauvelt and Seymour Blauvelt, were convicted,
and fined $30.00, which they paid. In my bill for services, I have only
charged for actual services, for which I am entitled to pay under a resolution
of your honorable board. There were several adjournments during the prog-
ress of the trial, and there was considerable arduous and trying work out-
side of the services incorporated in my bill, but for which I do not render a
bill, such as preparing for trial, examining witnesses, searching the law, cor-
responding with state superintendent of public instruction, etc. For these
services I rendered no bill, although morally and justly entitled to the same.
The bill, as here presented, I shall insist on being allowed as presented, as no
legal or just reason can be advanced for disallowing it, and a simple desire
to appear as an economist in the public eye will not justify the repudiation

of just and legal indebtedness. I present these facts for your consideration, and in explanation. I have rendered other valuable legal assistance in criminal matters for the town recently for which I do not render any bill. Hoping there will be no unjust and determined disposition to deprive me of my just dues,

"I am, respectfully,          W. H. COON, Wolcott, N. Y."

The town board consisted of Myron Wood, supervisor, E. H. Kellogg, David D. Becker, Jesse Van Alstyne, William Sayre, justices of the peace, and Charles H. Beach, town-clerk. The relator's bill, as shown by the above indorsment of the town-clerk, was disallowed on the 16th day of November, 1889. He thereupon presented a petition to this court setting out in detail the grounds upon which he claimed relief, the substance of which were, in addition to the letter above quoted: "That for years it had been the custom of said town, by their duly-constituted board of auditors, to allow to the attorneys who have rendered professional services for the people upon criminal prosecutions in said town a reasonable compensation for such services as a contingent expense, necessary and for the benefit of said town, and upon the presentation of their accounts, duly verified, to the board of auditors duly constituted by law, viz., the Thursday next preceding the annual town-meeting of the board of supervisors of Wayne county, in each year, any attorney having a bill for such services was allowed a reasonable compensation for his services, as such prosecutor's attorney in criminal actions in special sessions, in the town of Wolcott, said county." The petition then alleges that, at the annual meeting of the board of auditors in 1884, it was "resolved that hereafter any attorney who shall prosecute a criminal action for the people of said town of Wolcott shall receive from the town of Wolcott, for his said services, five dollars for each day spent on the trial of said action, and, when the case shall occupy until after six o'clock in the evening, seven dollars for each day." It then alleges that, after the passage of this resolution, the town board audited attorney's fees at the rates mentioned in the resolution, until the petitioner rendered his bill. On the petition and the other papers, a writ of *certiorari* was granted at a special term, in Wayne county, in February, 1890, which appears in full in the case.

The question before this court is whether, upon the facts appearing, the relator's services were a town charge, and should, therefore, have been audited. The offenses prosecuted by the relator were such as the court of special sessions had jurisdiction to try. He states his employment, in the following language, in the petition: "That, in the year 1889, your petitioner, as attorney for the people, and by virtue of said resolution, and being authorized thereby," rendered the services, etc. In his brief, the relator states his employment in this way: "In the year 1889, and in the month of August of that year, he was called upon by the people, and authorized by the justice," to prosecute, etc. It thus appears that the relator was induced to render his services by the resolution and the suggestion of the court before whom the cases were tried, and that there was no actual employment by the town board. A town has the following corporate powers: " (1) To sue and to be sued in the manner prescribed by law; (2) to purchase and hold lands," etc.; "(3) to make contracts * * * necessary to the exercise of its corporate and administrative powers; (4) to make orders for use of corporate property," etc. A town has no corporate powers except those conferred. 1 Rev. St. (7th Ed.) 805, 806; *Wells* v. *Town of Salina*, 119 N. Y. 280.[1] The statutes specify the following as town charges: " (1) Compensation of town officers for services rendered for their respective towns; (2) the contingent expenses necessarily incurred for the use and benefit of the town; (3) the moneys authorized to be received

[1] 23 N. E. Rep. 870.

by the vote of a town for any town purpose; and (4) every sum directed by law to be raised for any town purpose." 1 Rev. St. (7th Ed.) 841, 842. It is a familiar rule that statutes conferring power upon municipal corporations to incur expenses cannot be extended by construction. *People* v. *Town Auditors,* 74 N. Y. 310; *Donnelly* v. *Town of Ossining,* 18 Hun, 352; *Board* v. *Curley,* 9 Abb. N. C. 103, note; *People* v. *Board,* 93 N. Y. 397; *People* v. *Board,* 75 N. Y. 316. Sections 56–59 of the Code of Criminal Procedure simply relate to the jurisdiction of courts of special sessions. The resolution above quoted, to pay lawyers, would be ineffectual to bind the town, in the absence of statutory authority. In *Cornell* v. *Town of Guilford,* 1 Denio, 510, the electors, by resolution, assumed to confer certain powers upon commissioners of highways. The court held that, inasmuch as there was no statute conferring such authority, the resolution was void. "The supervisor, town-clerk, and justices of the peace of the several towns of the state shall constitute the board of town auditors, for the purpose of auditing and allowing the accounts of all criminal charges and claims payable by their respective towns." 1 Rev. St. (7th Ed.) p. 835. The contingent expenses necessarily incurred for the use and benefit of a town are town charges. Id. p. 842, § 2, subd. 2. The costs of criminal proceedings had before a single magistrate are chargeable upon the town where the offense was committed. Id. p. 846, § 26; *People* v. *Supervisors,* 119 N. Y. 126, 23 N. E. Rep. 489.

It will be seen that the controversy in this case is narrowed down to the single question as to whether the relator was employed by competent authority. He does not allege or show that he was employed by the town board, but states, in substance, that he was induced to act by the resolution. But the resolution did not employ the relator. The learned relator cites no case in support of his claim. He does not allege that any statute exists conferring power upon the town board to create debts against the town, or to regulate or determine their amount, or that the board employed him. A town charge cannot be created by indirection, or based upon ambiguous language. No precedent for such a proceeding has been cited. In *Costigan* v. *Railroad Co.,* 2 Denio, 610, it was held that the novelty of a particular action or defense, when the facts on which it is founded are of common occurrence, is a strong argument that it cannot be upheld. Criminal proceedings before courts of special sessions are very numerous, and their jurisdiction includes a great variety of cases. But there is no adjudication in this state, to which attention has been called, showing that a board of town auditors has power to employ lawyers. But in this case no actual employment is shown. The fact that the town board of the town of Wolcott was in the habit of compensating lawyers for such services, and passed a resolution fixing the amount, cannot be construed to make the town legally liable, or as an employment of the relator. A board of town auditors has no authority to create a debt against the town. except as authorized by statute. Even if the words "the contingent expenses necessarily incurred for the use and benefit of the town" include lawyers' fees, still the right to recover in each case must depend upon actual employment. Otherwise, any lawyer could obtrude himself into a case, and still recover. The supervisor is the legal representative of the town, within the scope of his authority. 1 Rev. St. (Banks, 7th Ed.) p. 840, § 3; *People* v. *Supervisors,* 45 N. Y. 196. Where the duty is imposed upon town officers to prosecute, implied authority is conferred to employ counsel to aid in performing their duties. The papers strongly tend to show that the relator rendered valuable services; that he was successful in two cases, out of which the town received profit; and he claims he would have been in the third, except for the pernicious activity of certain workers of iniquity, which in that case prevented a conviction. Various technical objections are urged by the learned counsel for the defendants, based on the alleged insufficiency of the relator's account, and the imperfections of his affidavit. But the decision of the board was based

on no such grounds. It went the whole length of deciding that the town was not liable to pay for those services upon the facts appearing. It need not be said that the trial court had any power to bind the town by employing lawyers. The learned relator does not so argue. The expression in the brief that he was employed by the people must be limited to the town board, and the court before which the trials were had. No other facts were stated. As the relator was not employed by the town board, or, so far as the papers disclose, by any competent authority, to perform the services for which compensation.is sought, it follows that this court cannot grant the relief asked. All concur. ·