HON. PETER G. STRIPHAS County Attorney, Orange County
This is in response to the letter of James P. Tamsen, Chief Assistant County Attorney, dated August 31, 1977, in which he raised four specific questions with regard to whether the transportation of prisoners from a city, village or town court to the county jail is a proper expense of the sheriff.
These questions were:
 1. When does the sheriff assume control over a prisoner?
 2. Would it be proper for the various cities, villages or towns to charge the counties for transportation of prisoners to the county jail?
 3. Does section 102 of the Town Law require the towns to expend their own finances for transportation of prisoners?
 4. Is there a difference as to who is charged with the duty of transporting those charged with a felony and those charged with a misdemeanor or lesser crime?
The sheriff assumes control over a prisoner upon commitment of the prisoner to his custody. According to section 500.10(4) of the Criminal Procedure Law, commitment occurs when the court orders that the defendant be confined in custody. This would indicate that the prisoner becomes the sheriff's responsibility at the time of the court order rather than at the time the prisoner is physically received by the sheriff at the jail.
Section 500-c of the Correction Law, provides that the sheriff "shall receive * * * every person lawfully committed to his custody * * *." Reading these two statutes together clearly indicates that custody of the prisoner passes before the actual physical receipt by the sheriff.
According to 1967 Atty. Gen. [Inf.] 67:
 "upon issuance of a commitment pursuant to a lawful arrest, it is the sheriff's obligation to immediately
take custody [of] the prisoner as required by law * * *" (Emphasis supplied.) See also 1974 Atty. Gen. [Inf.] 176; People ex rel. Coates, Sr. v. Martin, 8 A.D.2d 688 [4th Dept., 1959].
This custody begins at the time of commitment even though the person has not been physically handed over, or is not at the jail. This interpretation is also expressed in Lake Shore Hospital, Inc. v. Fries,86 Misc.2d 169.
The duty to transport a prisoner passes to the sheriff upon commitment of the prisoner to his custody. Only if the sheriff is unwilling or unable to transport a prisoner should another police agency undertake to do so. In such a case, County Law, § 657-a, which anticipates claimants other than the sheriff submitting bills to the county treasurer for expenses incurred in transporting prisoners, would indicate that a city, village or town may submit such bills to the county. Op. St. Comp. No. 76-700; Op. St. Comp. No. 77-613, both as yet unreported.
The duty to transport prisoners remains the sheriff's regardless of whether a felony or a lesser offense was committed by the prisoner in question. However, there is authority that the cost of this transportation should be borne by a town when a town court has jurisdiction to try the case, i.e., the offense is a misdemeanor or less. Town Law, § 116(9) [formerly 102(9)], as interpreted in Peopleex rel. McGrath v. Westchester County, 119 N.Y. 126 [1890]; 45 N.Y. St. Rep. 556; 1 Op. St. Comp., 1945, p. 405; 1 Op. St. Comp., 1945, p. 391; Op. St. Comp. No. 7641, 1955, as yet unreported; 11 Op. St. Comp., 1955, p. 559.
In regard to those instances in which persons subject to misdemeanor or lesser charges under the jurisdiction of a village or city court are transported by the sheriff, it could be logically inferred that such costs are village or city charges, but I could find no statutes or precedents to this effect.
Therefore, it is our opinion that the custody of a prisoner passes at the moment of commitment to the sheriff rather than upon actual receipt by the sheriff. Upon such commitment, the transportation of prisoners from local courts to the county jails is always the responsibility of the sheriff. When local authorities must transport a prisoner due to the sheriff's inability or unwillingness, the cost is a county charge. However, the cost of transporting a prisoner charged with an offense triable by a town court is properly a town charge.