(38 Misc. Rep. 243.)

PEOPLE ex rel. SMITH v. STATE REFORMATORY FOR WOMEN AT
BEDFORD.

(Supreme Court, Special Term, Kings County.   June, 1902.)

1. NEW YORK CITY MAGISTRATES—JURISDICTION—MISDEMEANORS.

Laws 1899, c. 632, which provides that any female between the age of
15 and 30 years, convicted by any magistrate of being a common pros-
titute or being guilty of a misdemeanor, may be sentenced to the state
reformatory for women, does not apply to or extend the jurisdiction
of the New York city magistrates, who have no jurisdiction of misde-
meanors, but only applies to magistrates having such jurisdiction, and
therefore does not authorize a city magistrate to try a woman charged
with soliciting prostitution on the streets, in violation of Old New York
Charter, § 1458; the offense referred to or created by the former statute
being a misdemeanor, and not an offense which may be summarily pun-
ished by the city magistrate, such summary jurisdiction not being ex-
pressly conferred.

2. SAME.

Old New York City Charter, § 1458, prohibiting women from soliciting
prostitution on the streets, if construed as only creating a quasi criminal
offense, and not a misdemeanor, does not create an offense within Laws
1899, c. 632, authorizing the sentence to the woman's reformatory of
women convicted of misdemeanors.

Habeas corpus by the people, on the relation of Mamie Smith
against the State Reformatory for Women at Bedford.   Relator dis-
charged.

Isidor Cohn, for relator.
Henry G. Gray, opposed

GAYNOR, J.   The relator was tried and convicted by a magis-
trate of the city of New York, and sentenced to imprisonment in
the above mentioned institution for three years.   The written in-
formation or complaint against the relator was by a police officer
that she was "loitering on Mott street, that being a public through-
fare and public place, soliciting and importuning men passing in
and along said thoroughfare or place, for the purpose of prostitu-
tion, to the great annoyance of the people," etc.   This was a charge
of a misdemeanor defined by section 1458 of the charter of the
former city of New York, which section is still in force, and city
magistrates have no jurisdiction to try charges of misdemeanors
(People ex rel. Frank v. Reformatory for Women, 77 N. Y. Supp.
145; People ex rel. Clark v. Same, Id. 151).

The warrant of commitment recites that the written information
charged the relator with "disorderly conduct and being a prostitute
and soliciting men for the purpose of prostitution in the public
street," and that the magistrate tried her on her plea of not guilty
and convicted her.   It is therefore claimed by the district attorney
that the relator was not convicted of the misdemeanor defined in
the said section 1458 of the former city charter, but of being "a
common prostitute" under chapter 632 of the Laws of 1899, which
provides that females between the ages of 15 and 30 years "con-
victed by any magistrate of petit larceny, habitual drunkenness, of

being a common prostitute, of frequenting disorderly houses and houses of prostitution, or of a misdemeanor," may be sentenced to the state reformatory for women at Bedford for a term of three years. The said statute is not applicable to the city of New York alone, but is general, and uses the term "magistrate" in its general sense. I do not understand that the purpose of such act was to confer jurisdiction on magistrates. It has reference to convictions by magistrates who have jurisdiction to convict, or to the extent of their jurisdiction to convict. Nor was its purpose to create new criminal offenses. We have a Penal Code to contain and define criminal offenses. The phraseology and terminology of the said act as quoted above is very loose. It first mentions convictions for petit larceny, which is a misdemeanor, and then for habitual drunkenness, being a common prostitute, and frequenting disorderly houses or houses of prostitution, and finally for "a misdemeanor," which includes all misdemeanors. It certainly does not confer jurisdiction on magistrates of the city of New York to try for misdemeanors generally, and commit to the said institution therefor. They have no such jurisdiction. And if it does not refer to the section of the Code of Criminal Procedure which makes a common prostitute within certain limitations a disorderly person, and gives magistrates summary jurisdiction over her (section 899 et seq.), but was intended to make being a common prostitute a misdemeanor, then a magistrate of the city of New York cannot try and convict therefor, as he cannot try charges of misdemeanors.

A suggestion is made, however, that the said act does not make it a misdemeanor, but only an offense which is not a crime, and to be dealt with summarily, and not by a regular trial. When an offense is created it must be classed as a misdemeanor unless by its definition it comes under the head of felony; and no magistrate or court may take summary jurisdiction of and summarily deal with persons who offend under it on the theory that they are not guilty of a crime but are only disorderly persons to be so dealt with, and not charged with a misdemeanor, and regularly tried according to the course of the common law. No such summary jurisdiction can exist unless specifically conferred by statute, as in the case of section 899 of the Code of Criminal Procedure. The said act does not profess to provide for any such case or summary power. If it makes being a common prostitute a misdemeanor, then the case of People v. Coon (Sup.) 22 N. Y. Supp. 865, was correctly decided, for the magistrate there had jurisdiction to try misdemeanors; but here the magistrate had no such jurisdiction.

It is also now suggested by the learned assistant district attorney that the offense of disorderly conduct tending to a breach of the peace defined by the said section 1458 is not a misdemeanor, but only a quasi criminal offense to be summarily dealt with by magistrates, as aforesaid. If that were so, the said statute enumerating the offenses for which women may be committed to the said reformatory does not enumerate it.

The relator is discharged.