Pound, J.
This .action is brought- to obtain a judicial determination of the question as to which defendant, the county of Erie or the city of Buffalo, is liable for the care and maintenance of certain juvenile female delinquents, under or apparently under the age of sixteen years, residents of the -city of Buffalo, who have been duly committed by the City Court, the Municipal Court, or the police court of the city of Buffalo to the St. Agnes Training School for Girls, a charitable reformatory located in said city, organized by and with the approval of the State Board of Charities.
It is conceded that persons so -committed are public *649 charges, but the county maintains that they are a city charge, as poor persons, while the city maintains that such delinquents are a county charge; so the bill remains unpaid.
Penal Law, section 485, prohibiting certain employments of children, reads as follows: “A person who employs or causes to be employed, or who exhibits, uses, or has in custody, or trains for the purpose of the exhibition, use or employment of, any child actually or apparently under the age of sixteen years; or who having the care, custody or control of such child as parent, relative, guardian, employer or otherwise, sells, lets out, gives away, so trains, or in any way procures or consents to the employment, or to such training, or use, or exhibition of such child; or who neglects or refuses to restrain such child from such training, or from engaging or acting:
“ 1. As a rope or wire walker, gymnast, wrestler, contortionist, rider or acrobat; or upon any bicycle or similar mechanical vehicle or contrivance; or,
“ 2. In begging or receiving or soliciting alms in any manner or under any pretense, or in any mendicant occupation; or in gathering or picking rags, or collecting cigar stumps, bones or refuse from markets; or in peddling; or,
“3. In singing; or dancing; or playing upon .a musical instrument; or in a theatrical exhibition; or in any wandering occupation; or,
“ 4. In any illegal, indecent or immoral exhibition or practice; or in the exhibition of any such child when insane, idiotic, or when presenting the appearance of any deformity or unnatural physical formation or development; or,
“ 5. In any practice or exhibition or place dangerous or injurious to the life, limb, health or morals of the child,
“ Is guilty of a misdemeanor.
“ But this section does not apply to the employment of any child as a singer or musician in a church, school or academy; or in teaching or learning the science or practice of music; or as a musician in any concert or in a theatrical exhibition, with the written consent of the mayor of the city, or the president of the board of trustees of the village where such concert or exhibition takes place. Such consent *650 shall not be given unless forty-eight hours previous notice of the application shall have been served in writing upon the society mentioned in section four hundred and ninety-one of this chapter, if there be one within the county, and a hearing had thereon if requested, and shall be revocable at the will of the authority giving it. It shall specify the name of the child, its age, the names and residence of its parents or guardians, the nature, time, duration and number of performances permitted, together with the place and character of the exhibition. But no such consent shall be deemed to authorize any violation of the first, second, fourth or fifth subdivisions of this section.”
Penal Law, section 486, reads, in part, as follows:
“Prohibited acts; destitute children. Any child actually or apparently under the age of sixteen years who is found:
“ 1. Begging or receiving or soliciting alms, in any manner or under any pretense; or gathering or picking rags, or collecting cigar stumps, bones or refuse from markets; or,
“ 2. Hot having any home or other place of abode or proper guardianship; or who has been abandoned or improperly exposed or neglected, by "its parents or other person or persons having it in charge, or being in a state of want or suffering; or
“ 3. Destitute of means of support, being an orphan, or living or having lived with or in custody of a parent or guardian who has been sentenced to imprisonment for crime, or who has been convicted of a crime against the person of such child, or who has been adjudged an habitual criminal; or,
“4. Frequenting or being in the company of reputed thieves or prostitutes, or in a reputed house of prostitution or assignation, or living in such a house either with or without its parent or guardian, or being in concert saloons, dance houses, theatres, museums or other places of entertainment, or places where wines, malt or spirituous liquors are sold, Avithout being in charge of its parent or guardian; or playing any game of chance or skill in any place wherein or adjacent to Avhich any beer, ale, wine or liquor is sold or given away, or being in any such place; or,
*651 “5. Coming within any of the descriptions of children mentioned in section four hundred and eighty-five,
“ Must be arrested and brought before a proper court or magistrate, who may commit the child to any incorporated charitable reformatory, or other institution, and when practicable, to such as is governed by persons of the same religious faith as the parents of the child, or may make any disposition of the child such as now is, or hereafter may be authorized in the cases of vagrants, truants, paupers or disorderly persons, but such commitment shall, so far as practicable, be made to such charitable or reformatory vnstir tutions.”
The juvenile female delinquents, for whose support and maintenance this suit is brought, have been committed pursuant to the foregoing sections of the Penal Law. They are, by section 486, Penal Law, above quoted, classified with “ vagrants, truants, paupers or disorderly persons.” The purpose of the statute evidently is to put the juvenile delinquent in a class by itself, to avoid classifying such persons in the more or less opprobriously styled group into which adults in like case would fall. But we have wholly separate and distinct provisions of law in the case of vagrants, truants, paupers and disorderly persons, respectively.
Adult vagrants are committed pursuant to section 892, Code Criminal Procedure, which reads ,as follows:
“ The magistrate must immediately cause the certificate which constitutes the record of conviction, together with the testimony taken before him as to the residence of such vagrant, to he filed in the office of the clerk of the county, and must, by a warrant signed by him, with his name of office, commit the vagrant, if not a notorious offender and a proper object for such relief, to the eonnty poorhouse, if there be one, or to the almshouse or poorhouse of the city, village or town, for not exceeding six months at hard labor, or if the vagrant be an improper person to be so committed, he must he committed for a like term to the county jail. In those counties of the state where the distinction between county poor and town poor is maintained, the expense of the corwiction and maintenance during the commitment of *652 a<ny vagrant committed to any one of the placets of cornfmement above mentioned, who shall, at the time of such commitment, have obtained a legal settlement in one of the towns of the county in which said persons shall be convicted, shall be a charge upon the town where they may reside at the time of such commitment.”
In Erie county, the distinction - between county poor and town poor is maintained, no resolution of the board of supervisors having been adopted to abolish such distinction, pursuant to section 138 of the Town Law. It follows that adult vagrants are city -charges.
Disorderly persons are, with exceptions mot applying to Erie county, committed to the county jail.
“ The magistrate must immediately cause the certificate, which constitutes the record of conviction, to be filed in the office of the -clerk of the county, .and must, by a warrant signed by him with his name of office, commit the defendant to the county jail,-ox in the city -o-f Hew York, to .the city prison or penitentiary of that city, -or in the county of Monroe, to the penitentiary of that county, for not exceeding six months at hard labor, or until he gives the security prescribed in section nine hundred and one; or, if the defendant be a person described in the first or second subdivisions of section eight hundred and ninety-nine, the magistrate may require him while on probation to pay through the probation officer weekly a reasonable sum for the support of his wife or children.” Code Crim. Pro., § 903.
“ The court may also, in its discretion, order a person committed as a disorderly person, to be kept in the county jail, or, in the city of Hew York, in the city prison or penitentiary of that city, for a term not exceeding six months at hard labor.” Code Grim. Pro., § 911.
“ The following are county -charges: * * *
“ 7. The expenses necessarily incurred' in the support of persons charged with, or convicted -of crimes, and committed to the jails of the county.” County Law, § 240, subd. 7.
Disorderly persons are not, as such, strictly speaking, *653 criminals, or persons charged, with crime; but their offense is a quasi criminal offense (People ex rel. Clark v. Keeper, 38 Misc. Rep. 241; affd., 176 N. Y. 465), and the liability of the county extends, not only to cases strictly speaking criminal, but includes quasi criminal offenders. People ex rel. Van Tassel v. Board of Supervisors, 67 N. Y. 330.
It follows that adult disorderly persons so committed to j ail are county charges.
The support of truants is regulated by Education Law (chap. 140, Laws of 1910), as follows:
“ The expense attending the commitment and cost of maintenance of any truant residing in any city, or district, employing a superintendent of schools shall be a charge aguinst such city or district, and in all other cases shall be a county charged Education Law, § 635, subd. 9.
Poor persons are defined as follows:
“A ‘poor person’ is one unable to maintain himself, and such person shall be maintained by the town, city, county or state, according to the provisions of this chapter. * * *
“ The town poor are such persons as are required by law to be relieved or supported at the expense of the town or city; the county poor are such .persons as are required by law to be relieved or supported at the expense of the county; and the state poor are such persons as are required by law to be relieved or supported at the expense of the state.” Poor Law, § 2.
Town poor are residents of a town or city (Poor Law, § 42), and are supported vn almshouses at the expense of the town or city.
It follows by analogy that children who, if adults, would be classified as vagrants or poor persons, are city charges; while children who, if adults, would be classified as disorderly persons, are county charges, and truant children are, in Buffalo, city charges. But the St. Agnes Training School for Girls is not primarily a poorhouse or orphan asylum; it is, as alleged in the complaint, a reformatory, a correctional institution; nor are delinquent children necessarily to be classed with paupers or vagrants; nor are .poor persons, as such, committed by magistrates to jails or reform *654 atories. As pointed out by Gaynor, J., in the Clark case, sufra, a common prostitute is not necessarily ,a vagrant, as she may have a lawful .employment whereby to support herself ; nor does it follow that she is a “ poor person,” pecuniarily, at least. The statutes relative to poor persons have, therefore, no .necessary "nor exclusive application to the question of liability for the support of children committed to this institution.
Boys committed to the Catholic Protectory at West Seneca, a similar institution for male juvenile delinquents, are county charges by express provision of law. Laws of 1886, chap. 460. But it does not follow that they would not be county charges except for the statute.
The rule should be uniform throughout the State. The Legislature should make some definite provision in this regard. But, in my judgment, the presumption is that persons .properly committed to plaintiff’s institution are to be classified with disorderly persons] and as such they are county charges.
Demurrer of county overruled «and judgment ordered on the pleadings. Demurrer of city sustained.